**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

-------------------------------------------------------X

KELVIN STEWART                     :     Civil Action No.:
                                   :
                                   :     **COMPLAINT**
         Plaintiff,                :
    v.                             :
                                   :     **18    5219**
AMERICAN AIRLINES, INC.,           :
                                   :
                                   :
         Defendant.                :     **Jury Trial of Tweleve (12) Jurors**
                                   :     **Demanded**
-------------------------------------------------------X

## NATURE OF ACTION

1. Plaintiff, Kelvin Stewart, an employee of American Airlines, brings this lawsuit against his employer, American Airlines, to remedy discrimination based upon his HIV status and race on the part of American Airlines. American Airlines subjected Plaintiff to disability discrimination and a hostile and discriminatory work environment in violation of federal law.

## PARTIES

2. Plaintiff, Kelvin Stewart, is and individual residing at 1214 Holland Street Apt. C, Crum Lynne, PA 19022. At all times material hereto, Plaintiff was employed by Defendant, American Airlines, as a Fleet Service Agent. In his capacity of an employee of American Airlines, Plaintiff was a Fleet service agent based in Philadelphia and has worked as a Fleet service agent for American Airlines for around 4 years. Plaintiff is HIV positive and African American.

3. Defendant, American Airlines is a United States Airline headquartered in Fort Worth, Texas. American Airlines employs over 122,000 employees, and operates internationally with about 6,700 flights per day to about 350 destinations and approximately 50 different countries.

## JURISDICTION AND VENUE

4. Jurisdiction over the matter is conferred upon the Court by 28 U.S.C. § 1331 and 1332.

5. Venue lies in this district in that the events giving rise to this claim occurred in this jurisdiction.

## STATEMENT OF FACTS

6. The above paragraphs are incorporated herein by reference.

7. American Airlines, in a number of unlawful, intimidating and discriminatory acts, created a discriminatory and hostile work environment for Plaintiff based on his race and HIV status.

8. Plaintiff has been employed by American Airlines since 2014. In 2009, Plaintiff was diagnosed with HIV. Due to his diagnosis, Plaintiff was granted approved unpaid work absences under the Family and Medical Leave Act (FMLA).

9. Upon information and belief, either American Airlines learned about the plaintiff's HIV diagnosis from medical paperwork provided to American Airlines in connection with plaintiff's request for FMLA leave.

10. On one occasion in or around the summer of 2017, the Plaintiff's manager Maggie Lieberati (Lieberati), made a racist comment about Plaintiff and other African Americans in front of other employees.

11. One once occasion, Plaintiff was in the break room with several other African American males when Maggie needed something done. Maggie, referring to the plaintiff and the other African American males, said to another employee "why don't you have one of these monkeys do it?"

12. Plaintiff, feeling intimidated and humiliated, reported the racial slur and discriminatory environment to Epic Points, a third-party equal opportunity company around Fall 2017. Nothing came of the report, and Lieberati continued to be Plaintiff's manager.

13. Lieberati had also made it known to the plaintiff that she was aware of his HIV status by intentionally embarrassing the plaintiff through discriminatory remarks about his condition.

14. For example, Lieberati made a comment in reference to the plaintiff's HIV status by telling Plaintiff, "you know your situation, be careful" while he was exiting a plane during one of his shifts at American Airlines.

15. On another occasion in or around April 2018, the plaintiff was suffering from complications from his HIV status during one of his shifts at American Airlines, which included extreme fatigue. The plaintiff made his manager Lieberati aware that he was not feeling well during his shift.

16. Lieberati did care that Plaintiff was feeling ill.

17. As the shift came to an end, Maggie demanded that the plaintiff unload the bags from another plane before he could leave. Maggie made a statement about how she did not care how the plaintiff felt, he had to do the task.

18. Plaintiff was unable to complete the physical task of removing bags from another flight because of the exhaustion caused by HIV and had to go home.

19. Approximately one week later, the plaintiff was brought in for a meeting and fired for insubordination due to his inability to complete the one single task before he left work, even though his manager was well aware of his HIV status and the symptoms he was having during the shift.

20. The firing of Plaintiff was pretextual for HIV discrimination.

21. In addition to and/or in the alternative, the termination of Plaintiff was due to his race.

22. Plaintiff has exhausted said remedies after filing with the EEOC and other state agencies and has obtained a right to sue. This action is filed within 90 days of the issuance of Plaintiff's right to sue letter from the EEOC.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII ON THE BASIS OF RACIAL AND DISABILITY DISCRIMINATION

23. The above paragraphs are hereby incorporated herein by reference.

24. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Title VII.

25. Said violations were done with malice and/or reckless indifference, and warrant the imposition of punitive damages.

26. As a direct and proximate result of Defendants violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

27. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT II
## 42 U.S.C. § 1981
## RACE BASED DISCRIMINATION

28. The above paragraphs are hereby incorporated herein by reference.

29. American Airlines evidenced a settled intent to discriminate against and wrongfully target Plaintiff on the basis of race.

30. Plaintiff's disciplinary actions and ultimate termination, were undertaken because of the color of his skin.

31. The aforesaid conduct of American Airlines was intentional and undertaken in reckless disregard for the federally protected civil rights of Plaintiff.

32. As a result of the said violation of 42 U.S.C. § 1981, Plaintiff has suffered racial discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in his favor, and against Defendants, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C. § 1988.

## COUNT III
## 42U.S.C. Sec. 1981
## DISCRIMINATION IN THE MAKING
## AND ENFORCEMENT OF CONTRACTS
## BASED UPON RACE

33. The above paragraphs are hereby incorporated herein by reference.

34. Defendant evidenced a settled intent to discriminate against Plaintiff by interfering with Plaintiff's rights to the performance and enjoyment of the benefits of a contract of employment.

35. The aforesaid conduct of Defendant was intentional and undertaken in reckless disregard for the federally protected civil rights of Plaintiff.

36. As a result of the said violation of 42 U.S.C. § 1981, Plaintiff has suffered discrimination, humiliation, embarrassment, and other harms, and is entitled to entry of judgment in his favor, and against Defendant, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C. § 1988.

### COUNT IV
### ADA RETALIATION

37. The foregoing paragraphs are incorporated herein by reference.

38. In addition, and/or in the alternative, the foregoing adverse employment actions taken against Plaintiff constituted retaliation for Plaintiff's lawful requests and exercise of rights under the ADA.

### COUNT V
### INTERFENCE WITH FMLA RIGHTS

39. The above paragraphs are incorporated herein by reference.

40. American Airlines was Plaintiff's "employer" as defined by the FMLA.

41. Plaintiff was an eligible employee under the FMLA

42. Defendants interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

### COUNT VI
### RETALIATION IN VIOLATION OF FMLA

43. The above paragraphs are incorporated herein by reference.

44. American Airlines unlawfully retaliated against Plaintiff in violation of the FMLA.

45. American Airlines conduct constitutes unlawful retaliation against Plaintiff in violation of

46. American Airlines rights under the FMLA, 29 U.S.C. §2615(a).

47. American Airlines acted purposely and with malice with the intent to injure Plaintiff.

48. As a direct and proximate result of American Airlines' actions and unlawful retaliation against Plaintiff, Plaintiff has suffered mental and emotional damages, Plaintiff's employment was constructively terminated and Plaintiff has incurred, and will continue to incur, substantial economic damages.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. The above paragraphs are incorporated herein by reference.

50. The actions of the Defendant, were designed to emotionally harm Plaintiff by causing him to subsist in an overwhelming, intimidating and hostile work environment.

51. The conduct of American Airlines was intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiff and constitutes despicable conduct, and by reason thereof Plaintiff demands exemplary or punitive damages against American Airlines in an amount appropriate to punish American Airlines and to deter American Airlines and others from such conduct in the future.

## COUNT VIII
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

52. The foregoing paragraphs are incorporated herein by reference.

53. The above acts and practices of Defendant constitute unlawful discriminatory property use practices under the Pennsylvania Human Relations Act.

54. As a result of Defendant's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## COUNT IX
## HOSTILE WORK ENVIRONMENT

55. The above paragraphs are incorporated herein by reference.

56. The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiff's employment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Delta, and Order the following relief:

   a. A declaratory judgment declaring that American Airlines has illegally discriminated against Plaintiff;

   b. Declaring the acts and practices complained of herein are in violation of the ADA 42 U.S.C. Section 12101 et. seq.;

   c. Enjoining and permanently restraining the violations of the ADA pursuant to the ADA;

   d. Require American Airlines to pay all earnings Plaintiff would have received, but for the discriminatory practices, including but not limited to, front and back pay and otherwise lost and future benefits pursuant to the 29 U.S.C. Section 2617;

   e. Reinstatement of Plaintiff's employment;

   f. Payment of compensatory and punitive damages, to all Plaintiffs in an amount to be determined at trial; and,

   g. An award of Plaintiff's; attorneys' fees and costs of suit as provided by Section 505 of the ADA, 42 U.S.C. Section 12205 and 29 U.S.C. Section 26179(a)(3);

   h. Such other relief as this honorable Court deems just and proper.

BY: */s/ Brian R Mildenberg*
BRIAN R. MILDENBERG, ESQ
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**

DATED: 12-3-18


Respectfully submitted,

| | |
|---|---|
| BY: */s/ Matthew Weisberg*<br>MATTHEW B. WEISBERG, ESQ<br>WEISBERG LAW<br>Attorney ID No. 85570<br>7 South Morton Ave. 19070<br>Morton, PA 19070<br>610-690-0801<br>Fax: 610-690-0880<br>**Attorney for Plaintiff** | BY: _____<br>GARY SCHAFKOPF, ESQ<br>SCHAFKOPF LAW, LLC<br>Attorney ID No. 83362<br>11 Bala Ave<br>Bala Cynwyd, PA 19004<br>610-664-5200 Ext 104<br>Fax: 888-283-1334<br>**Attorney for Plaintiff** |
| DATED: 12-3-18 | DATED: 12-3-18 |

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

18-5219

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kelvin Steward

**(b)** County of Residence of First Listed Plaintiff — DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schafkopf Law LLC, 11 Bala Ave Bala Cynwyd PA 19004; 610-664-5200
Weisberg Law, 7 S Morton Ave Morton PA 19107; 610-690-0801
Mildenberg Law, 1735 Market Street Ste 3750, 215-545-4870

## DEFENDANTS
Amrican Airlines Inc        18    5219

County of Residence of First Listed Defendant ___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
Title VII, ADA, FMLA 42 USC Section 1981
Brief description of cause
Plaintiff has been discriminated against due to HIV status

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE ___   DOCKET NUMBER ___

DEC -4 2018

DATE: 12/03/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG JUDGE ___

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**18    5219**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1214 Holland Street Apt C, Crum Lynne PA 19022

Address of Defendant: 4333 Amon Carter Blvd, Fort Worth TX 76155

Place of Accident, Incident or Transaction: American Airlines Philadelphia International Airport

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/03/2018          *(signature)* Attorney-at-Law / Pro Se Plaintiff          83362
                                                                                    *Attorney I D # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A. *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. ☑ Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify)*

B. *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Gary Schafkopf, counsel of record or pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☑ Relief other than monetary damages is sought.

DEC - 4 2018

DATE: 12/03/2018          *(signature)* Attorney-at-Law / Pro Se Plaintiff          83362
                                                                                    *Attorney I D # (if applicable)*

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kelvin Stewart | : | CIVIL ACTION |
| v. | : | 18   5219 |
| American Airlines | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 12-3-18 | Gary Schafkopf, Esq | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC - 4 2018